Douglas A. Thompson (California Bar No. 155619)
douglas.thompson@bclplaw.com
Linda C. Hsu (California Bar No. 239880)
linda.hsu@bclplaw.com
Traci G. Choi (California Bar No. 307245)
traci.choi@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, California  90401-2386
Telephone:   (310) 576-2100
Facsimile:    (310) 576-2200

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA
CORPORATION, and NANCY BECERRA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAN-HIE KIM, individually and as co-trustee of the Chan-Hie Kim & Sook-Chung Kim Trust,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO, N.A.; WELLS FARGO & COMPANY; BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; VIRGEL MABINI; NANCY BECERRA; DOES 1-100, inclusive<br><br>Defendants. | Case No. 3:21-cv-5405<br><br>(San Francisco County Superior Court Case No. CGC-21-592111)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION OF DEFENDANTS BANK OF AMERICA, N.A. AND BANK OF AMERICA CORPORATION UNDER 28 U.S.C. §§ 1331, 1441 AND 1446, AND 12 U.S.C. § 632**<br><br>**[FEDERAL QUESTION JURISDICTION]**<br><br>*[Filed concurrently with Civil Cover Sheet; Notice of Interested Parties; and Corporate Disclosure Statement]* |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF CHAN-HIE KIM, INDIVIDUALLY AND AS CO-TRUSTEE OF THE CHAN-HIE KIM & SOOK-CHUNG KIM TRUST AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Bank of America, N.A. ("BANA") and Bank of America Corporation ("BAC") (collectively, "Defendants") hereby remove this action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California, on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. sections 1331, 1441, and 1446, and 12 U.S.C. section 632. Defendants remove this action on the following grounds:

**Timeliness of Removal**

1. On May 21, 2021, Plaintiff filed a Complaint against Defendants (the "Complaint"), entitled *Chan-Hie Kim, et al. v. Wells Fargo, N.A., et al.*, in San Francisco County Superior Court, Case Number CGC-21-592111 (the "State Court Action").

2. On June 14, 2021, Plaintiff served Defendants BAC and BANA, by and through their agent for service of process with the following documents: (a) Summons, (b) Complaint, (c) Plaintiff's Notice of Deposit of Jury Fees, (d) Notice to Plaintiff of Case Management Conference, and (e) an Alternative Dispute Resolution Information Package. Defendants are informed and believe Plaintiff served the same documents on Defendant Nancy Becerra on June 18, 2021. A true and correct copy of the Summons is attached as **Exhibit A**. A true and correct copy of the Complaint is attached as **Exhibit B**. A true and correct copy of the Plaintiff's Notice of Deposit of Jury Fees is attached as **Exhibit C**. A true and correct copy of the Notice to Plaintiff of Case Management Conference is attached as **Exhibit D**. A true and correct copy of the Alternative Dispute Resolution Information Package is attached as **Exhibit E**.

3. Exhibits A through E to this Notice of Removal constitute all pleadings, process, and orders served on Defendants in this action at the time of removal.

4. Plaintiff alleges the following causes of action against Defendants: (1) Financial Elder Abuse; and (2) Unlawful, Unfair and Deceptive Business Practices arising out of banking services, specifically multiple international banking wire funds transactions requested by Plaintiff.

5. By removing on the basis of federal question, Defendants do not concede or make any admissions relating to the merit and/or value of Plaintiff's allegations, claims or damages. Defendants deny the material allegations contained in the Complaint, generally and specifically.

## REMOVAL IS TIMELY

6. 12 U.S.C. section 632 states "all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking . . . shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, **at any time before the trial thereof**, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law. Such removal shall not cause undue delay in the trial of such case and a case so removed shall have a place on the calendar of the United States court to which it is removed relative to that which it held on the State court from which it was removed." (Emphasis added.)

7. 28 U.S.C. section 1446(b)(1) provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

8.      Defendants remove this action before trial, and within 30 days of being served with the initial pleading. This removal will not cause undue delay in the trial of this case. There is no question that removal is timely.

9.      Further, while unanimity is not required among defendants where removal is pursuant to 12 U.S.C. section 632, Defendants Wells Fargo, N.A., Wells Fargo & Company, Virgel Mabini and Nancy Becerra consent to the removal. *See Tao v. Citibank, N.A.*, 445 Fed. Appx. 951 (9th Cir. 2011) ("removal was proper even if Computershare, NA failed to join the removal petition."); *Wenzoski v. Citicorp*, 480 F. Supp. 1056, 1058 (N.D. Cal. 1979) ("although unanimity among defendants is ordinarily required when removal is pursuant to 48 USC § 1441(a), since removal in this case was pursuant to 12 USC § 632 unanimous joinder in the removal petition was not necessary.").

## THE COMPLAINT IS SUBJECT TO REMOVAL BASED ON FEDERAL QUESTION GROUNDS AND THE EDGE ACT, 12 U.S.C. § 632

10.     This Court has original jurisdiction over the State Court Action under 28 U.S.C. section 1331[1].

11.     Plaintiff alleges two causes of action for Financial Elder Abuse pursuant to California Welfare & Institutions Code section 15600 *et seq.* and Unlawful, Unfair, and Deceptive Business Practices pursuant to California Business & Professions Code section 17200 *et seq.* The causes of action are based in part on inter-bank wire transfers of funds into bank accounts with foreign banking

---

[1]     Defendants BAC and BANA reserve all rights to assert in the future that the matter may become removable under 28 U.S.C. section 1332 in that BAC and BANA each are diverse from Plaintiff. Defendants similarly reserve all rights to challenge the joinder of individual defendants including defendant Nancy Becerra as fraudulently joined by Plaintiff. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998).

institutions outside of the United States specifically initiated and requested by Plaintiff.

12. The crux of Plaintiff's complaint against defendants is his allegation that "from approximately September 2020 through December 2020, . . . BOFA DEFENDANTS and the WELLS FARGO DEFENDANTS knowingly wired collectively over $2,000,000.00 of Plaintiff's money out of his accounts." (Compl. ¶ 17.)

13. Specifically with respect to BANA, Plaintiff alleges that in conjunction with a "tech support scam," Plaintiff directed BANA to initiate "wire transfers of enormous amounts of cash totaling over $1,480,000.00." (Compl. ¶¶ 18-19.) Plaintiff alleges he "entered a BOFA branch and requested huge wire transfers." (Compl. ¶ 19.) Plaintiff complains that BANA "approved" Plaintiff's instructions to complete these wire transfers, and "did nothing to stop the ongoing scam, and ignored the many government advisories they have received informing them to detect, deter and respond to the 'red flags' of financial elder abuse." (Compl. ¶ 20.)

14. In support of Plaintiff's two causes of action, Plaintiff alleges that the "conduct as described in detail" in the Complaint was "likely to be harmful to the elderly Plaintiff." Plaintiff complains that Defendants must have known that they were assisting financial elder abuse when they assisted Plaintiff (at Plaintiff's direction) in "suddenly, uncharacteristically and repeatedly wiring all of his funds out of their respective accounts in a short time period." (Compl. ¶ 36; *see also* Compl. ¶ 48 (alleging Defendants "financially abused" Plaintiff by "assist[ing] the scammers" and approving "numerous and repeated wire transfer withdrawals" per Plaintiff's instructions)). Plaintiff further complains that when he informed BANA "and its managing agents of the scam resulting in multiple large wire transfers, [BANA] failed to credit Plaintiff's accounts the amount of money wrongfully took [sic] from his accounts, including the fees charged by, and directly taken by [BANA] for each of the wire transfers[.]" (Compl. ¶ 51.)

15. All of Plaintiff's wire transfer instructions involving Defendants alleged in Paragraph 19 of the Complaint were from Plaintiff's BANA account to foreign, non-U.S. bank accounts with foreign banking institutions outside of the United States to account holders presumably also located outside the United States. Further, the "tech support scammers" and wire recipients, which Plaintiff identifies as "DOES 51 through 100," are foreign individuals in addition to the foreign banking institutions that received the wire transfers, all of which are located outside of the United States. (Compl. ¶¶ 13, 20, 26, 40.)

16. Thus, Plaintiff's claims arise from and involve foreign banking transactions, which are subject to federal jurisdiction pursuant to the Edge Act, 12 U.S.C. section 632. The Edge Act creates federal subject-matter jurisdiction over "all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party," and that arise in whole or in part "out of transactions involving international or foreign banking." *See Pinto v. Bank One Corp.*, 2003 WL 21297300, at *3 (S.D.N.Y. June 4, 2003) (jurisdiction under Edge Act appropriate even though "the five [foreign] transactions . . . represent[ed] a small portion of the total listed").

17. The Court has original jurisdiction over this action under 28 U.S.C. section 1331, and thus the action may be removed to this Court pursuant to 28 U.S.C. sections 1441(a) and (c), and 12 U.S.C. section 632. Defendants BAC and BANA, are "Edge Act corporations." The action further involves claims arising out of transactions involving international or foreign banking allegedly undertaken by Defendants BAC and BANA at Plaintiff's direction, by way of the wire transfers made to foreign bank accounts held overseas. (Compl. ¶¶ 17, 19-20.) *See In re Citibank August 11, 2020 Wire Transfers*, -- F.Supp.3d --, 2021 WL 606167, at 13 (S.D.N.Y Feb. 16, 2021) ("Sending payments to a foreign bank account qualifies as a transaction involving international banking."); *see also Luby's Fuddruckers Restaurant, LLC v. Visa Inc.*, 342 F.Supp.3d 306, 317 (E.D.N.Y. 2018) (finding

1  that, where the interchange fee at the core of the litigation is charged by a foreign
2  issuing bank, the transaction was a foreign banking transaction to confer federal
3  question jurisdiction pursuant to the Edge Act).

4      18.    Further, Plaintiff has identified as DOES 51 through 100 the "tech support scammers," which potentially include the foreign bank account holder recipients and banking institutions that received the wire transfers, and the "scammers" themselves, who are foreigners. Thus, litigation of the relevant issues will involve international institutions and individuals located outside the United States. While Plaintiff may argue in remand that the Complaint does not include allegations that Plaintiff's funds were wired overseas to foreign banking institutions and foreign account holders, such artful pleading will not prevail. *Luby's Fuddruckers Restaurant*, 342 F.Supp.3d at 313-14 ("[t]he artful pleading rule applies because the Edge Act provides for the removal to federal court of qualifying claims arising out of foreign transactions otherwise filed in state court" and accordingly, "the Court can look beyond the face of the Complaint to consider Defendants' statements in the notice of removal with regard to foreign transactions implicated by the allegations in the Plaintiff's Complaint."). The gravamen of the Complaint is whether the Plaintiff's requested international banking wire transfers should have been fulfilled and whether the Defendants may have liability for doing so. Moreover, trial of the matter may involve evidence involving the alleged recipient foreign banks and potential claims against bank account holders outside the United States who allegedly received the funds.

    19.    This action may thus be removed pursuant to 12 U.S.C. section 632, and removal is appropriate pursuant to 28 U.S.C. section 1441(a) because it is a civil action arising under the laws of the United States, 12 U.S.C. section 632.

# THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED

20. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the district in which the action is pending. The San Francisco County Superior Court is located within the Northern District of California. Therefore, removal to this Court is appropriate because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).[2]

21. In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendants are attached as Exhibits to this Notice.

22. In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of San Francisco. Notice of Compliance shall be filed promptly afterwards with this Court.

23. As required by Federal Rule of Civil Procedure 7.1, Defendants concurrently filed their Corporate Disclosure Statement.

/ / /

/ / /

/ / /

---

[2] Defendants reserve the right to bring a motion to transfer venue to the Central District of California, and do not concede this Court (or San Francisco Superior Court) is the appropriate venue for this lawsuit. Plaintiff resides in San Bernardino County, which is located in the Central District of California, and allegedly initiated the wire transfers to foreign banking institutions in the Alta Loma branch of BANA, which is also located in San Bernardino County, in the Central District of California. (*See* Compl. ¶¶ 3, 19.)

# CONCLUSION

For the foregoing reasons, Defendants respectfully request that the State Action be removed from the state court in which it was filed to the United States District Court, in and for the Northern District of California.

Dated:  July 14, 2021

Douglas A. Thompson
Linda C. Hsu
Traci G. Choi
**BRYAN CAVE LEIGHTON PAISNER LLP**


By:  */s/ Traci G. Choi*
          Traci G. Choi
Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, and NANCY BECERRA

# PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1920 Main Street, Suite 1000, Irvine, California 92614-7276. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On July 14, 2021, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION OF DEFENDANTS BANK OF AMERICA, N.A. AND BANK OF AMERICA CORPORATION UNDER 28 U.S.C. §§ 1331, 1441 AND 1446, AND 12 U.S.C. § 632**

in a sealed envelope, postage fully paid, addressed as follows:

| | |
|---|---|
| Kathryn A. Stebner, Esq.<br>Deena K, Zacharin, Esq.<br>STEBNER AND ASSOCIATES<br>870 Market Street, Suite 1212<br>San Francisco, CA 94102<br>Phone:  (415) 362-9800<br>Fax:     (415) 362-9801<br>Email:<br>kathryn@stebnerassociates.com | ***Attorneys for Plaintiff*** |
| Kirsten Fish, Esq.<br>NEEDHAM KEPNER & FISH LLP<br>1960 The Alameda, Suite 210<br>San Jose, CA 95126<br>Phone:  (408) 244-2166<br>Fax:     (408) 244-7815<br>Email: kfish@nkf-law.com | |

| | |
|---|---|
| Mary Kate Kamka, Esq.<br>Troutman Pepper Hamilton Sanders LLP<br>Three Embarcadero Center, Ste. 800<br>San Francisco, CA  94111<br>Phone:  (408) 244-2166<br>Fax:      (408) 244-7815<br>Email:<br>marykate.kamka@troutman.com | ***Attorney for Defendants WELLS FARGO, N.A.; WELLS FARGO & COMPANY; VIRGEL MABINI*** |

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 14, 2021, at Irvine, California.

*Angelina M. Andrade*
_____
Angelina M. Andrade