Douglas A. Thompson (California Bar No. 155619)
douglas.thompson@bclplaw.com
Linda C. Hsu (California Bar No. 239880)
linda.hsu@bclplaw.com
Traci G. Choi (California Bar No. 307245)
traci.choi@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, and NANCY BECERRA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| CHAN-HIE KIM, individually and as co-trustee of the Chan-Hie Kim & Sook-Chung Kim Trust,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO, N.A.; WELLS FARGO & COMPANY; BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; VIRGEL MABINI; NANCY BECERRA; DOES 1-100, inclusive<br><br>Defendants. | Case No. 3:21-cv-05405-JD<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS TO TRANSFER ACTION TO CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION PURSUANT TO 28 U.S.C. § 1404(A); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Declarations of Nancy Becerra and Tom R. Jordan; Request for Judicial Notice; Proposed Order]<br><br>Honorable James Donato<br><br>Date: September 30, 2021<br>Time: 10:00 a.m.<br>Courtroom: 11 |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 30, 2021, at 10:00 a.m. or as soon thereafter as this matter may be heard, in Courtroom 11 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Bank of America, N.A. ("BANA"), Bank of America Corporation ("BAC"), and Nancy Becerra (collectively, "Defendants") will and hereby do move the Court for an Order transferring this action to the Central District of California – Eastern Division, pursuant to 28 U.S.C. § 1404(a). This motion is made on the grounds that the convenience of the parties and witnesses, the location of the alleged wrongful conduct, and the interests of justice require this action be transferred.

This Motion is based upon this Notice of Motion and Motion to Transfer, the attached Memorandum of Points and Authorities, declarations of Nancy Becerra and Tom R. Jordan, Request for Judicial Notice, and all other matters that the Court may consider, including the oral argument of counsel.

Dated: August 26, 2021

    Douglas A. Thompson
    Linda C. Hsu
    Traci G. Choi
    **BRYAN CAVE LEIGHTON PAISNER LLP**

    By:   */s/ Traci G. Choi*
           Traci G. Choi
    Attorneys for Defendants
    BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, and NANCY BECERRA

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................1

II. FACTUAL BACKGROUND .......................................................................................2

III. THIS ACTION SHOULD BE TRANSFERRED TO THE
     CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION. ...............................4

IV. CONCLUSION ........................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allstar Marketing Group, LLC v. Your Store Online, LLC*,
    666 F.Supp.2d 1109 (C.D. Cal. 2009) ............................................................................... 7

*Commercial Lighting Prods., Inc. v. U.S. Dist. Court*,
    537 F.2d 1078 (9th Cir. 1976) ......................................................................................... 5

*E. & J. Gallo Winery v. F. & P. S.p.A.*,
    899 F. Supp. 465 (E.D. Cal. 1994) .................................................................................. 6

*Eclipse IP LLC v. Volkswagen Group of America, Inc.*,
    2013 WL 9935572 (C.D. Cal. May 10, 2013) ................................................................ 5

*Hoffman v. Blaski*,
    363 U.S. 335 (1960) ......................................................................................................... 5

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495 (9th Cir. 2000) ........................................................................................... 6

*Kosta Int'l v. Brice Mfg. Co. Inc.*,
    2015 WL 13306131 (C.D. Cal. Mar. 9, 2015) ................................................................ 8

*Lehman Bros. Holding, Inc. v. Gateway Bus. Bank*,
    2014 WL 1330033 (C.D. Cal. Mar. 31, 2014) ................................................................ 8

*Morris v. Princess Cruises, Inc.*,
    236 F.3d 1061 (9th Cir. 2001) ......................................................................................... 7

*Ritchey v. Upjohn Drug Co.*,
    139 F.3d 1313 (9th Cir. 1998) ......................................................................................... 7

*Saleh v. Tital Corp.*,
    361 F. Supp. 2d 1152 (S.D. Cal. 2005) ........................................................................... 5

*Star Stone Quarries, Inc. v. Garland*,
    300 F. Supp. 2d 1177 (D. Utah 2003) ............................................................................. 9

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ......................................................................................................... 4

*Van Schijndel v. Boeing*,
    434 F. Supp. 2d 766 (C.D. Cal. 2006) ............................................................................. 9

*In re Volkswagen of America, Inc.*,
    545 F.3d 304 (5th Cir. 2008) ........................................................................................... 9

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

**Federal Statutes**

28 U.S.C. § 84..................................................................................................................6

28 U.S.C. § 1391..............................................................................................................6

28 U.S.C. § 1404........................................................................................................*passim*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action arises out of banking transactions that occurred in San Bernardino County, California, where Plaintiff Chan-Hie Kim ("Plaintiff") resides. Plaintiff alleges he is an elderly man, who in late 2020, fell victim to a computer "tech support scam." From September to November 2020, he alleges he initiated wire transfers at the Alta Loma branch of Bank of America, N.A. ("BANA") and the Montclair branch of Wells Fargo Bank, N.A. ("Wells Fargo") totaling over $2 Million. Other than the fact that Plaintiff directed wires from the two banking institutions allegedly at the direction of the same scammers, no connection exists between the transactions that occurred at each institution.

Plaintiff now brings the present lawsuit against BANA and Wells Fargo, as well as their parent companies and one employee from each institution, alleging his banking institutions are liable for the money he lost to the scammers, as well as for wire transaction fees charged in connection with the wire orders he submitted. He alleges two causes of action for financial elder abuse and California's Unfair Competition Law.

The Complaint demonstrates this action has no connection to the Northern District of California, particularly as to BANA, Bank of America Corporation ("BAC"), and Nancy Becerra (collectively, "BofA Defendants"):

- Plaintiff himself resides in San Bernardino County, California. (Compl. ¶ 3.)
- Plaintiff directed the alleged wire transactions at the Alta Loma branch of BANA, which is located in San Bernardino County, California. (Compl. ¶ 19.)
- All of the witnesses to the alleged wire transactions and circumstances surrounding the transactions, including Plaintiff, are located in San Bernardino County, or San Bernardino County is more convenient for them than San Francisco County.
- BANA and BAC are both headquartered in Charlotte, North Carolina. (Compl. ¶ 7.)

Plaintiff's sole alleged basis for bringing this action in San Francisco County is that Wells Fargo's holding company, Wells Fargo & Company (together with Wells Fargo and Virgel

Mabini, "Wells Fargo Defendants"), has its principal place of business in San Francisco County.[1] (Compl. ¶ 15.) But even the allegations with respect to the Wells Fargo Defendants demonstrate the relevant conduct as to those defendants also occurred in San Bernardino County, California. Plaintiff alleges he directed the alleged wire transactions at the Montclair branch of Wells Fargo, which is located in San Bernardino County, California. (Compl. ¶ 21.) Thus, all of the witnesses to the alleged wire transactions and circumstances surrounding the transactions are located in San Bernardino County. San Bernardino County is undoubtedly a more convenient forum for them than San Francisco County.

Plaintiff could, and should, have filed this action in the Eastern Division of the Central District of California. Maintaining this action in the Northern District would force *all* witnesses to travel at least 400 miles to attend trial in this matter, including the elderly Plaintiff himself, which especially during the on-going pandemic may be of concern to Plaintiff and his family from a health and safety perspective. This Court has no particular interest in this action, given that, with respect to the BofA Defendants, none of the parties reside in the Northern District, and further, none of the relevant events occurred in this district. The BofA Defendants respectfully request the Court transfer the action to the Eastern Division of the Central District of California, where Plaintiff resides and where the events giving rise to this action occurred, and where critical witnesses are located.

## II. FACTUAL BACKGROUND[2]

**Plaintiff is a resident of San Bernardino County.** Plaintiff alleges he is a resident of the County of San Bernardino. (Compl. ¶ 3.)

**Plaintiff initiates wire transfers at a BANA branch in San Bernardino County.**

---

[1] BANA reserves the right to move to sever the action given that Plaintiff's claims essentially are separate vis-à-vis the respective banking institution defendants. That may be an issue of address at the initial case management conference.

[2] Defendants deny the allegations of the Complaint and deny any wrongdoing or liability, but for purposes of the instant motion, Defendants cite Plaintiff's allegations with regard to the locations of events in dispute.

Plaintiff collectively refers to BANA, BAC, and Does 26-50 as "BOFA," and together with Nancy Becerra, "the BOFA DEFENDANTS." (Compl. ¶¶ 1, 8.) Plaintiff alleges he has been a customer of "BOFA" for over 30 years, where he, as trustee of the Chan-Hie Kim & Sook-Chung Kim Trust held an account. (Compl. ¶ 18.) Plaintiff has not alleged that any of his BANA accounts or transactions which are the subject of the Complaint were initiated from within the Northern District of California.

After years of allegedly "frugal transactions with BOFA," Plaintiff alleges he fell victim to a "tech support scam." (Compl. ¶¶ 18-19.) Plaintiff alleges he received a pop-up warning message on his computer stating "his computer was hacked, not to touch anything, and to call a phone number." (Compl. ¶ 19.) He alleges when he called the number, the person he spoke with claimed "he was with Microsoft." (*Id.*) The scammer stated Plaintiff's "BOFA" bank account was "hacked" and connected him with another scammer who said "he was with 'Bank of America Fraud Prevention department.'" (*Id.*) The scammer told Plaintiff his social security number and birthday were exposed and his retirement accounts at "another institution" were at risk. (*Id.*) The scammer then directed Plaintiff "to transfer all of his retirement funds to BOFA in order to 'rebuild' his retirement accounts with new account numbers in order to protect his funds." (*Id.*) Plaintiff alleges he followed the scammer's instructions, and transferred his retirement funds of over $2,000,000 to "BOFA." (*Id.*) Plaintiff alleges that "[i]mmediately following each large deposit from his investment account, [he] entered a BOFA branch and *requested* huge wire transfers with no questions asked by the BOFA DEFENDANTS." (*Id.*, emphasis added.) Plaintiff alleges most of the 29 wires he requested were made from the "Alta Loma branch of BOFA" between September 23, 2020, and November 10, 2020, and totaled $1,481,400. (*Id.*) Plaintiff does not identify any other branch from which he made wires.

Alta Loma is an unincorporated area that became a part of Rancho Cucamonga, California. It is located in San Bernardino County. (RJN, Ex. 1.)

Plaintiff alleges he "walked into his long-time BOFA branch and met in person, face-to-face with a teller, who then would call over a bank manager to approve his wire transfers."

3
MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-cv-05405-JD

(Compl. ¶ 20.) He alleges on October 20, 2020, he made "three suspicious withdrawals of $5,000.00, $5,000.00 and $10,000.00 cash." (*Id.*) Plaintiff does not allege any other impropriety with respect to the withdrawals he requested "face-to-face," other than that they were allegedly "suspicious."

**Plaintiff initiates wire transfers at a Wells Fargo branch in San Bernardino County.**

Plaintiff alleges similar events with respect to the "WELLS FARGO DEFENDANTS," instructing wire transactions to the scammers totaling $591,000.00. (Compl. ¶ 21.)

Plaintiff alleges he made an "Edeposit" in the Upland branch of Wells Fargo. (*Id.*) Plaintiff alleges the "majority of the wire transfers were made from the Montclair branch of WELLS FARGO." (*Id.*) He alleges he entered the Wells Fargo branch and "made huge wire transfers via face-to-face interactions with no questions asked by the WELLS FARGO DEFENDANTS." (*Id.*)

The City of Montclair is located in San Bernardino County. (RJN, Ex. 1.) Upland is also a city in San Bernardino County, California. (RJN, Ex. 1.)

The only common thread between Plaintiff's allegations against the Bank of America Defendants and the Wells Fargo Defendants is that Plaintiff directed both BANA and Wells Fargo to wire moneys in several distinct transactions at the direction of the same scammers.

Based on the above, Plaintiff alleges two causes of action – a first cause of action for Financial Elder Abuse, and a second cause of action for Unlawful, Unfair and Deceptive Business Practices. Plaintiff claims Defendants assisted the scammers in defrauding Plaintiff and improperly refused to return wire fees that were charged in connection with the several requested transactions upon being notified of the scam.

### III. THIS ACTION SHOULD BE TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a); *see also Van Dusen v. Barrack*, 376 U.S. 612, 616, 634 (1964). "Section

1404(a) 'displaces the common law doctrine of forum non conveniens' with respect to transfers between federal district courts. . . . By passing § 1404(a), Congress 'intended to permit courts to grant transfers upon a lesser showing of inconvenience' than was needed for dismissal under the doctrine of forum non conveniens." *Saleh v. Tital Corp.*, 361 F. Supp. 2d 1152, 1155-56 (S.D. Cal. 2005) (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 31-32 (1955). The Court has "broad discretion in deciding a motion to transfer venue because the analysis involved is 'flexible and individualized.'" *Eclipse IP LLC v. Volkswagen Group of America, Inc.*, 2013 WL 9935572, at *2 (C.D. Cal. May 10, 2013) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

The factors weigh heavily in favor of transferring the present action.

### A. This Action Could (and Should) Have Been Brought in the Central District of California.

The first inquiry when analyzing a case's eligibility for 1404(a) transfer is whether the judicial district to which transfer is sought would have been a district in which the claim "might have been brought[.]" *See* 28 U.S.C. § 1404(a); *see also Hoffman v. Blaski,* 363 U.S. 335, 344 (1960) (holding that a district is one in which the action "might have been brought" if, when the complaint was filed, the plaintiff had a right to sue in that district). A district court is one in which the action originally "might have been brought" if: (i) it has subject matter jurisdiction; (ii) defendants would have been subject to personal jurisdiction there; and (iii) venue would have been proper there. *Commercial Lighting Prods.*, *Inc. v. U.S. Dist.* Court, 537 F.2d 1078, 1079 (9th Cir. 1976).

There is no question that Plaintiffs could have brought this action originally in the Central District of California because this action meets all three requirements.

The Central District of California has subject matter jurisdiction over this action because the action is subject to federal court jurisdiction based on the Edge Act. (*See generally* Notice of Removal, ECF No.1.)

Defendants are also subject to personal jurisdiction in the Central District of California. The only BANA branch mentioned in the Complaint is located in San Bernardino County,

California, which is located within the district. (Compl. ¶ 19, RJN, Ex. 1.) The two Wells Fargo branches mentioned in the Complaint are also located in San Bernardino County, California. (Compl. ¶ 21, RJN, Ex. 1.)

Further, venue is proper where, as here, a substantial part of the events or omissions on which the claim is based occurred in the transferee forum. 28 U.S.C. § 1391(b)(2). A substantial portion of the events giving rise to this action took place in the Eastern Division of the Central District of California. *See* 28 U.S.C. § 84(c)(1) (listing San Bernardino County as within the Eastern Division of the Central District of California). This action is based on alleged wrongful conduct which occurred in San Bernardino County, California—within the Central District of California. Plaintiff alleges that he made "huge wire transfers via **face-to-face interactions**" (Compl. ¶¶ 20, 21, emphasis added) at both financial institutions, in their branches located in the Central District, and claims he was harmed as a result of Defendants' "failure to properly train [their] representatives on policies and procedures" at those branches. (Compl. ¶ 32.) All of these events necessarily took place in the Central District.

Thus, there is no question that this action could have been brought in the Central District of California.

**B.    The Factors Weigh in Favor of Transfer**

"A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 198-99 (9th Cir. 2000); *see also E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) ("These factors break down to a number of relevant considerations: convenience of

witnesses, judicial economy, relative ease of access to proof, and availability of compulsory process").

We address each of the factors below.

**Location where relevant agreements were negotiated and executed.** To the extent any agreements are relevant to Plaintiff's claims against BANA (or the other BofA Defendants), Plaintiff likely negotiated and/or entered into those agreements in San Bernardino County. For example, upon opening an account, customers enter into a Deposit Agreement with BANA. Plaintiff opened the account from which the funds were transferred in San Bernardino County, California, and entered into the Deposit Agreement there. (Declaration of Tom R. Jordan ¶ 4, Ex. 1.)

**State that is most familiar with the governing law.** This Court and the Central District are both California federal courts, and familiar with the governing law. This factor does not weigh in favor of either venue.

**Plaintiff's choice of forum.** While courts afford the plaintiff's choice of forum substantial weight, "[a] plaintiff's choice of forum is entitled to less deference, however, when the plaintiff elects to pursue a case outside [his] home forum." *Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666 F.Supp.2d 1109, 1131 (C.D. Cal. 2009). Plaintiff is not a resident of the Northern District of California. He resides in San Bernardino County – the appropriate forum for this action. His "choice" of the Northern District should not weigh against a transfer to the Central District, where Plaintiff resides.

**The parties' contacts with the forum.** This factor weighs in favor of transfer. Based on the allegations in the Complaint, Plaintiff has *no* contacts with the Northern District of California. He does not allege a single relevant transaction involved banking activity in the Northern District of California, nor can he. All of the relevant transactions occurred in the Central District.

Nor do the BofA Defendants have any substantial contacts with the Northern District relevant to this dispute. BANA and BAC are headquartered in Charlotte, North Carolina. (Compl. ¶ 7.) Ms. Becerra also works in the Alta Loma branch of BANA, and resides in San

Bernardino County.³ (Declaration of Nancy Becerra ¶¶ 2, 3.) While BANA does have branches in the Northern District of California, none of those branches were involved in the alleged transactions. There is no connection between the "contacts" BofA Defendants have with the Northern District and the present lawsuit.

That Wells Fargo & Company, the holding company of Wells Fargo, has its headquarters in San Francisco, is the only "contact" Plaintiff alleges Defendants have to the Northern District. As an initial matter, Plaintiff's claims against the Wells Fargo Defendants arise from separate transactions and alleged wrongful conduct by those defendants, and lack any substantial relationship to the alleged wrongful conduct by the BofA Defendants. In fact, Plaintiff and the Wells Fargo Defendants are currently conferring regarding the submission of the claims as to those defendants to arbitration, which will necessarily sever the claims between the two financial institutions. (*See* ECF No. 28, at 2:19-22.)

Further, even if the Wells Fargo Defendants remained in this action, based on the allegations in the Complaint, the only Wells Fargo branches involved in the relevant transactions and alleged wrongful conduct were located in the Central District of California. Further, Wells Fargo & Company, like BAC, is a holding company. The operational, customer-facing entity is Wells Fargo, which has a principal place of business in Sioux Falls, South Dakota. (RJN, Ex. 4.)

**Costs in litigation and availability of witnesses.** The cost of litigation and availability of witnesses weighs heavily in favor of transfer. "The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Lehman Bros. Holding, Inc. v. Gateway Bus. Bank*, 2014 WL 1330033, at *3 (C.D. Cal. Mar. 31, 2014) (internal quotations omitted). "The convenience of nonparty witnesses is paramount." *Kosta Int'l v. Brice Mfg. Co. Inc.*, 2015

---

³ Defendants maintain Plaintiff fraudulently joined Nancy Becerra, and she should be dismissed from this action. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998). But because Plaintiff has decided to name her as a Defendant, her contacts with the forum are still relevant to the analysis. Even if she is dismissed from the case, as Defendants contend, Ms. Becerra is likely to be a potential witness in the matter, as may be others who worked in the respective Southern California bank branches.

WL 13306131, at *5 (C.D. Cal. Mar. 9, 2015).

The vast majority of the key witnesses, if not all of them, in this case are located in San Bernardino County. The only branches Plaintiff identifies are located in San Bernardino County. The employees that worked at those branches, as well as Plaintiff and his wife, are all located in San Bernardino County or reside near there. The tellers at these branches are relevant witnesses to the alleged "face-to-face" interactions with Plaintiff. (Compl. ¶¶ 20, 21.) Other employees who observed Plaintiff at the branch may also be witnesses to the alleged transactions. These witnesses' personal observations of Plaintiff and involvement in the alleged wire transfers are central to this case. Plaintiff and his wife are also witnesses, and they both reside in San Bernardino County as well.

By contrast, there are ***no witnesses*** that are located in the Northern District of California. None of the relevant transactions occurred in the Northern District. Plaintiff himself is not located in the Northern District, nor does he identify in his Complaint a single witness for whom the Northern District is more convenient.

"When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 317 (5th Cir. 2008). San Francisco and San Bernardino are roughly 435 miles apart. All of the witnesses would incur significant travel costs and have to make travel arrangements in order to attend trial in this matter in San Francisco County. Coupled with the fact that not a single witness resides in the Northern District, the convenience of the witnesses weighs heavily in favor of transferring the action.

**Availability of the compulsory process.** "[T]o fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury, or most litigants." *Van Schijndel v. Boeing*, 434 F. Supp. 2d 766 (C.D. Cal. 2006), quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947); *see also Star Stone Quarries, Inc. v. Garland*, 300 F. Supp. 2d 1177, 1182 (D. Utah 2003)

("If this Court retained jurisdiction and venue it would lack compulsory power to assure the attendance of most of these witnesses, the vast majority residing far beyond 100 miles of this Court").

To the extent any relevant witnesses are no longer employed by Defendants, this factor also weighs in favor of transfer. While the Court could compel attendance if the witnesses still reside in California, these nonparty witnesses would also be forced to travel over 400 miles to attend trial. The time and cost imposed on these witnesses is significant.

**Ease of access to sources of proof.** This factor also weighs in favor of transfer. To the extent any physical documentary evidence exists, those likely are all located in the branches in which Plaintiff initiated the wire transfers, and thus located in San Bernardino County, not San Francisco County. Plaintiff's own personal records and papers also likely are maintained at his home located in Southern California, not Northern California. Any relevant electronic evidence would be just as easily accessed if the case were pending in San Bernardino County.

\* \* \*

The above factors demonstrate that transfer to the Eastern Division of the Central District of California would further the interests of justice and the convenience of the parties and witnesses. This case arises out of events occurring entirely in San Bernardino County, California. Additionally, the vast majority of the relevant documentary and testimonial evidence are located in San Bernardino County, over 400 miles away from this Court. The Eastern Division of the Central District of California is a more appropriate, convenient, and efficient venue for this matter.

IV. **CONCLUSION**

For the foregoing reasons, the BofA Defendants respectfully request that this Court transfer this case to the Eastern Division of the Central District of California.

| | | |
|---|---|---|
| 1 | Dated: August 26, 2021 | Douglas A. Thompson<br>Linda C. Hsu |
| 2 | | Traci G. Choi |
| 3 | | **BRYAN CAVE LEIGHTON PAISNER LLP** |
| 4 | | By: */s/ Traci G. Choi* |
| 5 | | Traci G. Choi<br>Attorneys for Defendants |
| 6 | | BANK OF AMERICA, N.A., BANK OF AMERICA<br>CORPORATION, and NANCY BECERRA |