TROUTMAN PEPPER HAMILTON SANDERS LLP
Mary Kate Kamka, Bar No. 282911
marykate.kamka@troutman.com
Three Embarcadero Center
Suite 800
San Francisco, CA 94111
Telephone: 415.477.5700
Facsimile: 415.477.5710

Attorneys for Defendants
WELLS FARGO, N.A.; WELLS FARGO &
COMPANY; VIRGEL MABINI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHAN-HIE KIM, individually and as co-trustee of the Chan-Hie Kim & Sook-Chung Kim Trust,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO, N.A.; WELLS FARGO & COMPANY; BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; VIRGEL MABINI; NANCY BECERRA; DOES 1-100, inclusive,<br><br>Defendants. | Case No. 3:21-CV-05405-JD<br><br>**DEFENDANTS WELLS FARGO, N.A., WELLS FARGO & COMPANY, AND VIRGEL MABINI'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER REMANDING REMOVED ACTION TO STATE COURT**<br><br>Date: September 30, 2021<br>Time: 10:00 a.m.<br>Dept.: Courtroom 11, 19th Floor<br>Hon. James Donato<br><br>Complaint Filed: May 21, 2021<br>Action Removed: July 14, 2021 |

Defendants Wells Fargo Bank, N.A., Wells Fargo & Company, and Virgel Mabini (collectively, the "Wells Fargo Defendants") hereby submit their opposition to Plaintiff Chan-Hie Kim, individually and as co-trustee of the Chan-Hie Kim & Sook-Chung Kim Trust's ("Plaintiff") Motion for Order Remanding Removed Action to State Court ("Motion").

## I. INTRODUCTION

The Edge Act permits removal of "all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking." 12 U.S.C. § 632. In this case, Plaintiff has filed a lawsuit against Wells Fargo Bank, N.A. ("Wells Fargo") and others, who are "corporations organized under the laws of the United States" claiming that Wells Fargo committed elder abuse by executing international wire transfers. Thus, removal under the Edge Act is proper.

Plaintiff asks the Court to remand this case for two reasons. First, Plaintiff contends that the Edge Act does not apply because his claims do not "arise" out of international bank transactions. But they do. Plaintiff's only claim against Wells Fargo is that it improperly executed wire transfers—at Plaintiff's direction—from Plaintiff's account in the United States to recipients in Thailand. In other words, without the allegedly improper international wire transfers, Plaintiff would have no claims against Wells Fargo. For that reason, his claims "arise out of" international transactions and are removable under the Edge Act. Second, Plaintiff claims that "principles of comity" require remand to state court. But Plaintiff does not cite a single relevant case in support of this argument.

For these reasons and those set forth below, the Court should deny Plaintiff's motion for remand.

## II. PROCEDURAL HISTORY

Plaintiff filed his Complaint against the Wells Fargo Defendants and Bank of America, N.A, Bank of America Corporation, and Nancy Becerra in the Superior Court of the State of California for the County of Los Angeles, Case No. CGC-21-592111, on May 21, 2021.

Plaintiff executed twelve wire transfers from his account with Wells Fargo to various

recipients in Thailand between September 2020 and December 2020 by visiting Wells Fargo branches located in California and instructing Wells Fargo employees to execute the transfers. *See* Declaration of Karen Nelson in Support of Wells Fargo Defendants' Opposition to Plaintiff's Motion For Remand ("Nelson Decl."), ¶¶ 5–17. Based solely upon Wells Fargo's execution of these wires, Plaintiff asserts two causes of action against the Wells Fargo Defendants for Financial Elder Abuse pursuant to California Welfare & Institutions Code section 15600 *et seq.* and Unlawful, Unfair, and Deceptive Business Practices pursuant to California Business & Professions Code section 17200 *et seq.*

On July 14, 2021, defendants Bank of America, N.A., Bank of America Corporation, and Nancy Becerra timely filed a Notice of Removal in this Court pursuant to 28 U.S.C. sections 1331, 1441, and 1446, and 12 U.S.C. section 632. Plaintiff moved to remand the case to California state court on August 13, 2021.

## III.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Under 28 U.S.C. section 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). A case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). While federal courts generally construe removal statutes narrowly, they also recognize that "the federal court should be cautious about remand, lest it erroneously deprive the defendant the right to a federal forum." *Contitrade Servs. Corp. v. Eddie Bauer, Inc.*, 794 F. Supp. 514, 516 (S.D.N.Y. 1992) (internal citations omitted).

## IV.  ARGUMENT

### A.  **Removal is Proper Under The Edge Act Because Plaintiff's Claims Arise Out of International Transactions.**

The Edge Act creates federal subject-matter jurisdiction over "all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States

shall be a party," and that arise in whole or in part "out of transactions involving international or foreign banking." 12 U.S.C. § 632. The Ninth Circuit has recognized that the Edge Act amounts to a "broad grant of jurisdiction." *See City & Cnty. of San Francisco v. Assessment Appeals Bd.*, 122 F.3d 1274, 1276 (9th Cir. 1997). To that end, removal under the Edge Act is available to all cases that are (1) civil in nature, (2) involve a corporation organized under the laws of the United States, and (3) arise out of transactions involving international banking. *See* 12 U.S.C. § 632.

The parties agree that the first two elements have been met given that Plaintiff filed a civil suit against Wells Fargo Bank, N.A., a national bank chartered by the Office of the Controller of Currency pursuant to provisions of the National Bank Act, 12 U.S.C. §§ 21–27. *See* Motion, at 5; *see also Dexia SA/NV v. Bear, Stearns & Co.*, 945 F. Supp. 2d 426, 428 (S.D.N.Y. 2013) ("[T]he Edge Act … provides subject matter jurisdiction over civil actions in which a nationally chartered bank is a party …"). However, the parties disagree over the third element, i.e., whether Plaintiff's claims arise out of international banking transactions. They clearly do.

Plaintiff's central allegation in this case is that Wells Fargo aided and abetted an internet scammer by executing international wire transfers at Plaintiff's request. Specifically, Plaintiff alleges he fell victim to a "tech support scam" whereby a scammer persuaded him to transfer funds from his Wells Fargo bank account to recipients with addresses located in Thailand. Compl. ¶¶ 1, 19; Nelson Decl., ¶¶ 5–17. Plaintiff alleges that Wells Fargo and its employee's compliance with Plaintiff's instructions to execute the wire transfers "substantially assisted" the scammers and constitutes elder abuse. Compl. ¶¶ 17, 26. All of the disputed wire transfers from Plaintiff's Wells Fargo account were sent to foreign, non-U.S. bank accounts with foreign banking institutions outside of the United States to account holders located in multiple districts and provinces in Thailand. Nelson Decl., Exhibits 1–12. The international transfers are vital to Plaintiff's claims against Wells Fargo. But for the transfers, Plaintiff's alleged injuries could not have occurred. Thus, there can be no disputes that Plaintiff's allegations arise out of Wells Fargo's international banking activities—the transfer of Plaintiff's funds to overseas accounts.

Wiring funds from the United States to a foreign country constitutes "international banking" for purposes of Edge Act jurisdiction. For example, in *Bank of Am. Corp. v. Braga*

*Lemgruber*, 385 F. Supp. 2d 200, 215 (S.D.N.Y. 2005), the court denied plaintiffs' motion to remand an action based on a breach of contract claim. The court found that federal jurisdiction was proper pursuant to the Edge Act because the alleged contractual breach was "accomplished[,] in part through overdrafts and inter-bank wire transfers of BL Bank funds into the United States, fraudulent loans, and purchases of bogus certificates of deposit … all of which are clearly foreign or international banking transactions." *Id.*; *see also Ritchie Capital Mgmt., LLC v. JPMorgan Chase & Co.*, 532 B.R. 461, 2014 WL 5810629, at *4 (S.D.N.Y. Nov. 10, 2014) (holding that wiring funds "to … JPMorgan bank accounts in London" constituted "international banking" sufficient to confer jurisdiction under the Edge Act).

Similarly, in *Warter v. Boston Secs.*, No. 03-81026-CIV-RYSKAMP/VITUNAC, 2004 U.S. Dist. LEXIS 5682, at *18 (S.D. Fla. Mar. 22, 2004), the court denied the motion to remand a case asserting claims of fraud, negligence, fraudulent conversion, intentional infliction of emotional distress and conspiracy to commit fraud. Plaintiffs alleged that defendants instructed them to wire funds from their domestic account with a national bank to various foreign entities for investment purposes, and that defendants provided fraudulent advice regarding foreign investment opportunities. Plaintiffs argued that their action was entirely based on embezzlement, which they claimed was not a banking activity for purposes of Edge Act jurisdiction. *See id.* at *17. The court disagreed, finding that "the facts underlying Plaintiffs' claims, wire transfers, managing deposits, and providing investment advice, constitute banking activities." *Id.* at *18.

Additionally, courts have found removal proper under the Edge Act "if *any part of it* arises out of transactions involving international or foreign banking." *See In re Lloyd's Am. Tr. Fund Litig.*, 928 F. Supp. 333, 338 (S.D.N.Y. 1996) (emphasis added); *City of Stockton v. Bank of Am., N.A.*, 2008 WL 5063877, at *2 (N.D. Cal. Nov. 21, 2008); *Bank of Stockton v. Bank of Am., N.A.*, 2008 WL 4911183, at *5 (N.D. Cal. Nov. 13, 2008). Edge Act jurisdiction lies even if the foreign transactions comprise only a "small portion" of the challenged transactions. *Pinto v. Bank One Corp.*, 2003 WL 21297300, at *3 (S.D.N.Y. June 4, 2003) ("Though the five [international] transactions … represent a small portion of the total [at issue] …, a suit satisfies the jurisdictional requisites of [the Edge Act] if any part of it arises out of transactions involving

international or foreign banking") (internal quotation marks and citation omitted).

In his motion, Plaintiff argues that removal is improper because "any potential connection" between his claims and international banking "is too tenuous to warrant jurisdiction under the Edge Act." Motion, at 6–7. But the cases Plaintiff cites in support of this claim are distinguishable because none of them involve claims based directly on fraudulent wire transfers or similar international banking activity. *See Diaz v. Pan Am. Fed. Sav. & Loan Asso.*, 635 F.2d 30, 31–32 (1st Cir. 1980) (finding that the Edge Act did not confer jurisdiction in malicious prosecution case relating to international circulation of bad checks because the filing of a criminal complaint is not considered a traditional banking activity); *Telecredit Serv. Ctr. v. First Nat'l Bank*, 679 F. Supp. 1101, 1105–07 (S.D. Fla. 1988) (fraudulent charge backs on credit card invoices for sales in a foreign country was strictly a contractual dispute and therefore unrelated to banking activities); *Bank of N.Y. v. Bank of Am.*, 861 F. Supp. 225 (S.D.N.Y. 1994) (a contract claim based on the purchase of loans between two domestic banks that involved foreign subsidiaries of those banks did not arise out of international banking activities because the dispute was primarily contractual). Here, Plaintiff's claim relies entirely on the disputed international wire transfers, not tangentially related claims for malicious prosecution or breach of contract.

Plaintiff further argues that "none of Plaintiff's actual claims against Defendants involve any type of federal questions or any federal banking law." Motion, at 7. But that is not what is required for jurisdiction under the Edge Act. Instead, Courts have repeatedly conferred Edge Act jurisdiction over purely state-law claims, so long as they involve a national bank and arise out of transactions involving international banking. *See Lemgruber*, 385 F. Supp. 2d at 213 ("the Edge Act … provides federal district courts with an independent basis for exercising subject matter jurisdiction over certain purely state or common law actions involving international banking"); *see also Lloyd's*, 928 F. Supp. 333 (denying motion to remand action based on purely state-law claims of breach of contract and fiduciary duty on the basis of Edge Act jurisdiction); *Warter*, 2004 U.S. Dist. LEXIS 5682, at *18 (denying motion to remand action based on purely state-law claims of fraud, negligence, fraudulent conversion, intentional infliction of emotional distress and conspiracy to commit fraud, on the basis of Edge Act jurisdiction).

Because Plaintiff's claims arise out of transactions involving international banking, the present action falls within the Edge Act's jurisdictional requirements. Therefore, Plaintiff's Motion should be denied.

### B. Comity Does Not Provide a Sufficient Basis to Grant Remand.

Plaintiff argues that the principles of comity support the remand of this action to state court because Plaintiff has alleged claims under California state law. But the mere fact that Plaintiff has filed suit under California statutes does not make the removal under the Edge Act improper. Plaintiff argues that comity concerns are "particularly relevant where, as here, Plaintiff is an elderly California resident" who has filed suit in state court alleging claims for elder abuse and unfair business practice. But Plaintiff cites no legal authority supporting such a stance. Confusingly, Plaintiff relies on *California v. H&R Block, Inc.,* 2006 WL 2669045 at *5–6 (N.D. Cal. Sep. 18, 2006) for the proposition that federal courts are reluctant to "snatch" cases filed by a *state* in that state's court. *See* Motion, at 12. However, this case is brought by an individual, not a state. Thus, the cases Plaintiff cites do not support a remand based solely on the principles of comity where the Edge Act clearly confers jurisdiction over Plaintiff's claims which arise out of individual banking transactions. Furthermore, the Ninth Circuit has questioned whether comity is an independent basis for abstention by a federal court outside the context of cases challenging state regulatory statutes and administrative schemes and cases involving concurrent jurisdiction over identical causes of action. *See Hawthorne Sav. F.S.B. v. Reliance Ins. Co. of Illinois*, 421 F.3d 835, 848 (9th Cir. 2005), amended, 433 F.3d 1089 (9th Cir. 2006) ("It is not clear to what extent comity remains an independent basis for abstention, available even when none of the settled comity-based abstention doctrines such as *Burford* and *Colorado River* apply."). Because no legal support exists to support Plaintiff's comity argument, the Court should deny his motion for remand based on the principles of comity.

///
///
///
///

## V. CONCLUSION

For the above-mentioned reasons, the Wells Fargo Defendants respectfully request that this Court deny Plaintiff's Motion for Order Remanding Removed Action to State Court.

Dated: August 26, 2021

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

By: /s/ Mary Kate Kamka
Mary Kate Kamka
*Attorneys for Defendants*
WELLS FARGO, N.A.; WELLS FARGO & COMPANY; VIRGEL MABINI