1  KATHRYN A. STEBNER (SBN 121088)
   Email: kathryn@stebnerassociates.com
2  DEENA K. ZACHARIN (SBN 141249)
   Email: deena@stebnerassociates.com
3  **STEBNER AND ASSOCIATES**
   870 Market Street, Suite 1285
4  San Francisco, CA  94102
   Tel:   (415) 362-9800
5  Fax:   (415) 362-9801

6  KIRSTEN FISH (SBN 217940)
   Email: kfish@nkf-law.com
7  **NEEDHAM KEPNER & FISH LLP**
   1960 The Alameda, Suite 210
8  San Jose, CA 95126
9  Tel:   (408) 244-2166
   Fax:   (408) 244-7815
10

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| CHAN-HIE KIM, individually and as co-trustee of the Chan-Hie Kim & Sook-Chung Kim Trust,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO, N.A.; WELLS FARGO & COMPANY; BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; VIRGEL MABINI; NANCY BECERRA; DOES 1-100, inclusive<br><br>Defendants. | **CASE NO. 3:21-cv-05405-JD**<br><br>**PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANTS BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, AND NANCY BECERRA TO TRANSFER ACTION TO CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION PURSUANT TO 28 U.S.C. § 1404(a)**<br><br>Date:   September 30, 2021<br>Time:  10:00 a.m.<br>Dept.:  Courtroom 11 – 19th Floor; Hon. **Judge James Donato**<br><br>**Complaint Filed:  May 21, 2021**<br>**Action Removed:  July 14, 2021**<br><br>**Hearing on Plaintiff's Remand Motion: September 30, 2021** |

**TABLE OF CONTENTS** Page

TABLE OF AUTHORITIES ................................................................................................ iii
I. INTRODUCTION ..................................................................................................1
II. PLAINTIFF'S MOTION TO REMAND SHOULD BE RULED ON BEFORE DEFENDANTS' MOTION TO TRANSFER VENUE .......................1
III. FACTUAL ALLEGATIONS IN PLAINTIFF'S COMPLAINT...........................2
IV. LAW AND ARGUMENT ......................................................................................3
    A. Defendants Have Not Met Their Initial Threshold Burden of Showing That The Central District of California Has Subject Matter Jurisdiction Over Plaintiff's Action...............................................4
    B. Even Assuming Arguendo That Plaintiff's Action Could Have Been Brought In The Central District, The Section 1404(a) Factors Weigh Against A Transfer In This Case ..................................................5
        1. Plaintiff's Choice Of Forum..............................................................6
        2. Convenience Of The Parties And, More Importantly, The Non-Party Witnesses .........................................................................6
        3. Relative Ease Of Access To Proof ...................................................9
        4. Familiarity Of Forum With Applicable Law..................................10
        5. Local Interest In The Controversy .................................................10
        6. Relative Court Congestion And Time To Trial..............................10
        7. Difference In Litigation Costs........................................................10
V. CONCLUSION ....................................................................................................11

**TABLE OF AUTHORITIES** Page(s)

**CASE LAW**

*Allstar Mktg. Grp., Ltd. Liab. Co. v. Your Store Online, Ltd. Liab. Co.*
666 F.Supp.2d 1109 (C.D. Cal. 2009) ................................................................................ 3, 6, 7, 8

*Catch Curve, Inc. v. Venali, Inc.*
No. CV 05-04820 DDP (AJWx), 2006 U.S. Dist. LEXIS 96379 (C.D. Cal. Feb. 27, 2006) ............ 6

*Commercial Lighting Prod., Inc. v. U.S. Dist. Court*
537 F.2d 1078 (9th Cir. 1976) ..................................................................................................... 4

*Commodity Futures Trading Comm'n v. Savage*
611 F.2d 270 (9th Cir. 1979) ....................................................................................................... 4

*Confederation Des Brasseries De Belgique v. Coors Brewing Co.*
2000 U.S. Dist. LEXIS 686 (N.D. Ill. Jan. 20, 2000) ................................................................... 7

*Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*
472 F.Supp.2d 1183 (S.D. Cal. 2007) .................................................................................... 7, 10

*E. & J. Gallo Winery v. F. & P. S.p.A.*
899 F.Supp. 465 (E.D. Cal. 1994) ............................................................................................... 8

*Fusi v. Emery Worldwide Airlines, Inc.*
2007 U.S. Dist. LEXIS 89784 (S.D. Ohio Nov. 23, 2007) .......................................................... 7

*Gintz v. Jack in the Box, Inc.*
No. C06-02857 CW, 2007 U.S. Dist. LEXIS 10722 (N.D. Cal. Feb. 1, 2007) ........................... 11

*Goldberg v. Cameron*
482 F.Supp.2d 1136 (N.D. Cal. 2007) ......................................................................................... 5

*Gonsalves v. Infosys Techs., Ltd.*
No. C 09-04112 MHP, 2010 U.S. Dist. LEXIS 44401 (N.D. Cal. May 5, 2010) ......................... 9

*Hoffman v. Blaski*
363 U.S. 335 (1960) ..................................................................................................................... 4

*Hunter v. Philip Morris USA*
582 F.3d 1039 (9th Cir. 2009) ..................................................................................................... 5

*In re Ferrero*
768 F.Supp.2d 1074 (S.D. Cal. 2011) .......................................................................................... 8

*Jacobs v. Sustainability Partners LLC*
No. 20-cv-01981-PJH, 2020 U.S. Dist. LEXIS 171544 (N.D. Cal. Sep. 18, 2020) ..................... 5

PLAINTIFF'S OPPOSITION TO BOFA'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)     -iii-     Case No. 3:21-cv-05405-JD

*Johnson v. America Online, Inc.*
2002 U.S. Dist. LEXIS 26937 (N.D. Cal. Mar. 21, 2002) ............................................................... 1

*Kosta Int'l v. Brice Mfg. Co.*
No. 2:14-cv-06706-SVW-CW, 2015 U.S. Dist. LEXIS 190395 (C.D. Cal. Mar. 9, 2015) ............... 7

*Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*
89 F.R.D. 497 (C.D. Cal. 1981) ..................................................................................................... 6

*Moti Partners, LLC v. Desert Palace, Inc. (In re Caesars Entm't Operating Co.)*
588 B.R. 233 (B.A.P. 9th Cir. 2018) .............................................................................................. 1

*Munoz v. UPS Ground Freight, Inc.*
No. C07-00970 MJJ, 2007 U.S. Dist. LEXIS 47537 (N.D. Cal. June 18, 2007) ............................ 6

*Pac. Inv. Mgmt. Co. LLC v. Am. Int'l Grp., Inc.*
No. 8:15-cv-00687, 2015 U.S. Dist. LEXIS 75355 (C.D. Cal. June 10, 2015) .............................. 1

*Perez v. Performance Food Grp., Inc.*
No. 15-cv-02390-HSG, 2017 U.S. Dist. LEXIS 2319 (N.D. Cal. Jan. 6, 2017) ....................... 9, 10

*Pizana v. SanMedica Int'l LLC*
No. 1:18-cv-00644-DAD-SKO, 2020 U.S. Dist. LEXIS 15738 (E.D. Cal. Jan. 29, 2020) ......... 4, 9

*Rafton v. Rydex Series Funds*
No. 10-1171, 2010 U.S. Dist. LEXIS 75411 (N.D. Cal. June 29, 2010) ........................................ 9

*Royal Queentex Enters. v. Sara Lee Corp.*
No. C 99-4787 MJJ, 2000 U.S. Dist. LEXIS 10139 (N.D. Cal. Mar. 1, 2000) ............................... 5

*Saleh v. Titan Corp.*
361 F.Supp.2d 1152 (S.D. Cal. 2005) ............................................................................................ 7

*SEC v. Rose Fund, LLC*
No. C 03-04593 WHA, 2004 U.S. Dist. LEXIS 22491 (N.D. Cal. Jan. 9, 2004) ........................... 6

*Simpson v. Vantage Hosp. Grp.*
No. 12-cv-04814-YGR, 2012 U.S. Dist. LEXIS 172157 (N.D. Cal. Dec. 4, 2012) ........................ 4

*Smith v. Mail Boxes, Etc. USA, Inc.*
191 F.Supp.2d 1155 (E.D. Cal. 2002) ........................................................................................... 1

*Straus Family Creamery v. Lyons*
219 F.Supp.2d 1046 (N.D. Cal. 2002) ........................................................................................... 5

*Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*
987 F.Supp. 1186 (N.D. Cal. 1997) ............................................................................................... 1

**STATUTES**

12 U.S.C. § 632 .................................................................................................................. 1, 5, 11

28 U.S.C. § 1331 ........................................................................................................................ 1

28 U.S.C. § 1404 ................................................................................................................*passim*

28 U.S.C. § 1441 ........................................................................................................................ 1

28 U.S.C. § 1446 ........................................................................................................................ 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff CHAN-HIE KIM, individually and as co-trustee of the Chan-Hie Kim & Sook-Chung Kim Trust ("Plaintiff"), hereby submits this opposition in response to the Motion to Transfer Action to Central District of California – Eastern Division Pursuant to 28 U.S.C. § 1404(a) filed by defendants BANK OF AMERICA, N.A. ("BANA"), BANK OF AMERICA CORPORATION ("BAC"), and Nancy Becerra (collectively "Defendants") on August 26, 2021.

## II. PLAINTIFF'S MOTION TO REMAND SHOULD BE RULED ON BEFORE DEFENDANTS' MOTION TO TRANSFER VENUE

At the outset, it should be noted that Plaintiff previously filed a timely Motion to Remand on August 13, 2021, with a hearing date of September 30, 2021. As set forth in said motion, this Court has no subject matter jurisdiction over this case because there is no federal question jurisdiction under 28 U.S.C. §§ 1331, 1441 or 1446, or 12 U.S.C. § 632.

While the Court is free to rule on the competing motions in any order, there is a practice within the Ninth Circuit for courts to rule on remand motions before deciding motions to transfer. (*See, e.g., Johnson v. America Online, Inc.*, 2002 U.S. Dist. LEXIS 26937, at *2-3 (N.D. Cal. Mar. 21, 2002); *Smith v. Mail Boxes, Etc. USA, Inc.*, 191 F.Supp.2d 1155, 1157 (E.D. Cal. 2002); *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F.Supp. 1186, 1188-89 (N.D. Cal. 1997).) Thus, "[m]ost courts, when faced with concurrent motions to remand and transfer, resolve the motion to remand prior to, and/or to the exclusion of, the motion to transfer." (*Pac. Inv. Mgmt. Co. LLC v. Am. Int'l Grp., Inc.*, No. 8:15-cv-00687, 2015 U.S. Dist. LEXIS 75355, at *13 (C.D. Cal. June 10, 2015).) "Only in rare circumstances should transfer motions be considered before remand motions," as such sequencing "is the exception, rather than the rule." (*Id.*, at *14 [holding that such rare circumstances include multi-district litigation where the 'judicial economy and consistency' of related cases will be aided by transfer of a case within the federal system"]; *see also Moti Partners, LLC v. Desert Palace, Inc. (In re Caesars Entm't Operating Co.)*, 588 B.R. 233, 237-38 (B.A.P. 9th Cir. 2018).)

1       Defendants have not shown this case to be one of the "rare circumstances" where their

2  transfer motion should be considered before Plaintiff's remand motion. Nevertheless, Plaintiff files

3  this opposition out of an abundance of caution given that Plaintiff's remand motion is scheduled to

4  be heard on September 30, 2021, the same day as Defendants' transfer motion.

## III. FACTUAL ALLEGATIONS IN PLAINTIFF'S COMPLAINT

6       This financial elder abuse case arises from a "tech support scam" that drained nearly all of

7  the elderly Plaintiff's life savings. (Complaint, ¶ 1.) The scam first started in September, 2020, when

8  a large warning message popped up on Plaintiff's computer saying his computer was hacked, not to

9  touch anything, and to call a phone number. (*Id.*, ¶ 19.) When Plaintiff called the number the person

10 who answered said he was with Microsoft. (*Id.*) The scammer said that Plaintiff's bank account at

11 Bank of America was hacked and connected Plaintiff with another scammer who said he was with

12 "Bank of America Fraud Prevention department." (*Id.*) The scammer said Plaintiff's social security

13 number and birthdate were exposed and his retirement accounts at another institution were at risk.

14 (*Id.*) The scammer told Plaintiff to transfer all of his retirement funds to Bank of America in order to

15 "rebuild" his retirement accounts with new account numbers in order to protect his funds. Following

16 his instructions, Plaintiff transferred his retirement funds to his account at Bank of America, which

17 was titled in his trust entitled the "Chan-Hie Kim & Sook-Chung Kim Trust," in six huge

18 increments, totaling over $2,000,000.00 being transferred into his Bank of America trust account.

19 (*Id.*) Immediately following each large deposit from his investment account, Plaintiff entered a Bank

20 of America branch and requested huge wire transfers with no questions asked by Defendants. (*Id.*)

21       Plaintiff, age 85 at the time, had been a customer of Defendants for over 30 years. (*Id.*, ¶ 18.)

22 Prior to September 2020, Plaintiff never engaged in any "suspicious transactions." In particular,

23 neither co-trustee of the Chan-Hie Kim & Sook-Chung Kim Trust regularly, or at all, engaged in

24 any transactions where they were depositing large amounts to the trust account, and then

25 withdrawing large amounts from the trust account by wire transfer. (*Id.*) According to Defendants'

26 own records, deposits into the trust account with Bank of America prior to the scam consisted

27 almost entirely of small amounts, and checks drawn on the account for expenses during that period

were for approximately the same amount of money. (*Id.*) Then, after years of doing these regular, frugal transactions with Defendants, suddenly most of the transactions out of the Chan-Hie Kim & Sook-Chung Kim Trust Bank of America account from September 23, 2020 to November 19, 2020 involved wire transfers of enormous amounts of cash totaling over $1,480,000.00. (*Id.*)

Each time the scammers instructed him to wire more cash, the 85-year-old Plaintiff walked into his long-time Bank of America branch and met in person, face-to-face with a teller, who then would call over a bank manager to approve his wire transfers. (*Id.*, ¶ 20.) Even though Defendants knew or should have known that the elderly Plaintiff was potentially being scammed, they did nothing to stop the ongoing scam, and ignored the many government advisories they have received informing them to detect, deter and respond to the "red flags" of financial elder abuse. (*Id.*) Thus, Defendants provided the scammers with substantial assistance by allowing Plaintiff to continue to wire away almost $1,500,000.00 until his life savings was nearly depleted. (*Id.*) On top of this abject failure to protect their elderly customer by knowingly assisting in the financial elder abuse of Plaintiff, Defendants directly charged Plaintiff fees for each of the fraudulent wire transfers to the scammers, totaling $1,575.00 in fees. (*Id.*) Thus, Plaintiff alleges causes of action against Defendants for financial elder abuse under California's Welfare & Institutions Code § 15600 *et seq.* and unlawful business practices under California's Business & Professions Code § 17200 *et seq.*

Plaintiff's son, Alexis Kim, is the duly appointed attorney-in-fact for Plaintiff in this case, individually and as co-trustee of the Chan-Hie Kim & Sook-Chung Kim Trust. (*Id.*, ¶ 3.)

## IV. LAW AND ARGUMENT

As set forth herein, Defendants have not met and cannot meet the legal requirements for succeeding on a motion to transfer venue under 28 U.S.C. § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or division to which all parties have consented." (*Id.*) Transfer pursuant to Section 1404(a) is discretionary and should be adjudicated according to an "individualized, case-by-case consideration of convenience and fairness." (*Allstar Mktg. Grp., Ltd. Liab. Co. v. Your Store Online, Ltd. Liab. Co.*, 666 F.Supp.2d

1109, 1130 (C.D. Cal. 2009).) A transfer under Section 1404(a) first requires the moving party to show that: (1) venue is proper in the transferor district; (2) the transferee district is one where the action might have been brought; and (3) the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. (*See Simpson v. Vantage Hosp. Grp.*, No. 12-cv-04814-YGR, 2012 U.S. Dist. LEXIS 172157, at *6 (N.D. Cal. Dec. 4, 2012).) As the moving party, Defendants carry the burden of showing that transfer is warranted. (*Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).) In conducting the inquiry into this issue, the court must "be careful to avoid a transfer that 'would merely shift rather than eliminate' the inconvenience of costs," especially given that "corporations are better-equipped than individuals to absorb increased litigation costs." (*Pizana v. SanMedica Int'l LLC*, No. 1:18-cv-00644-DAD-SKO, 2020 U.S. Dist. LEXIS 15738, at *12 (E.D. Cal. Jan. 29, 2020).)

### A. **Defendants Have Not Met Their Initial Threshold Burden of Showing That The Central District of California Has Subject Matter Jurisdiction Over Plaintiff's Action.**

Defendants correctly note that "[t]he first inquiry when analyzing a case's eligibility for transfer under 28 U.S.C. § 1404(a) is whether the judicial district to which transfer is sought would have been a district in which the claim "might have been brought[.]" (Defs.' Mtn., 5:12-20, citing 28 U.S.C. § 1404(a) and *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960).) Defendants also correctly note that a district court is one in which the plaintiff's action originally "might have been brought" **if**: (i) **it has subject matter jurisdiction**; (ii) defendants would have been subject to personal jurisdiction there; and (iii) venue would have been proper there. (Defs.' Mtn., 5:12-20, emphasis added, citing *Commercial Lighting Prod., Inc. v. U.S. Dist. Court*, 537 F.2d 1078, 1089 (9th Cir. 1976).)

Yet Defendants go on to incorrectly claim that "[t]here is no question that Plaintiffs [sic] could have brought this action originally in the Central District of California because this action meets all three requirements," claiming that as to the first requirement, "[t]he Central District of California has subject matter jurisdiction over this action because the action is subject to federal court jurisdiction based on the Edge Act." (Defs.' Mtn., 5:21-25.) However, contrary to Defendants'

PLAINTIFF'S OPPOSITION TO BOFA'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)   -4-   Case No. 3:21-cv-05405-JD

claim, the threshold requirement of Section 1404(a) is not met here, as the Central District of California does <u>not</u> have subject matter jurisdiction over this action since it is <u>not</u> subject to federal court jurisdiction under the Edge Act, as set forth in detail in Plaintiff's Motion to Remand. (*See generally* Motion to Remand, ECF No. 25.) Because Edge Act jurisdiction is narrowly construed and strictly limited to cases where there are international banking transactions that are "legally significant" and "integral" to the plaintiff's claims, which Defendants have not shown to be the case here, Defendants have failed to meet their burden to show that the instant suit is removable under 12 U.S.C. § 632, the sole ground asserted by Defendants, let alone overcome the strong presumption *against* removal jurisdiction. (*Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).) Because Defendants have failed to show that this case is subject to federal court jurisdiction under 12 U.S.C. § 632, neither this Court nor the Central District of California are districts in which Plaintiff's action "might have been brought," such that Defendants have failed to meet their threshold burden of eligibility for transfer under 28 U.S.C. § 1404(a). Accordingly, this motion should be denied.

      **B.**      <u>**Even Assuming Arguendo That Plaintiff's Action Could Have Been Brought In The Central District, The Section 1404(a) Factors Weigh Against A Transfer In This Case.**</u>

In deciding whether to transfer a case under 28 U.S.C. § 1404(a), assuming it has first been shown that the proposed transferee district has subject matter jurisdiction—which is not the case here, courts in this district have considered the following factors: "(1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." (*Royal Queentex Enters. v. Sara Lee Corp.*, No. C 99-4787 MJJ, 2000 U.S. Dist. LEXIS 10139, at *7-8 (N.D. Cal. Mar. 1, 2000); *see also Straus Family Creamery v. Lyons*, 219 F.Supp.2d 1046, 1047 (N.D. Cal. 2002); *Goldberg v. Cameron*, 482 F.Supp.2d 1136, 1146-47 (N.D. Cal. 2007); *Jacobs v. Sustainability Partners LLC*, No. 20-cv-01981-PJH, 2020 U.S. Dist.

LEXIS 171544, at *6 (N.D. Cal. Sep. 18, 2020).) "That a single factor points to a particular forum is generally not enough, by itself, to warrant transfer. The circumstances surrounding the case, on the whole, must form a sufficient basis for transferring…." (*Munoz v. UPS Ground Freight, Inc.*, No. C07-00970 MJJ, 2007 U.S. Dist. LEXIS 47537, at *8 (N.D. Cal. June 18, 2007).) Moreover, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." (*Allstar*, 666 F.Supp.2d at 1131.) Here, again assuming arguendo that this case could have been brought in the Central District in the first place, which Plaintiff disputes as set forth above, Defendants have failed to meet their burden of showing that the balance of these factors weighs strongly in favor of Defendants.

### 1. **Plaintiff's Choice Of Forum**

Generally, the plaintiff's choice of forum is afforded substantial weight. (*SEC v. Rose Fund, LLC*, No. C 03-04593 WHA, 2004 U.S. Dist. LEXIS 22491, at *4 (N.D. Cal. Jan. 9, 2004) [holding that a defendant seeking transfer of venue under Section 1404(a) "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum"].) Here, Plaintiff's choice of forum was San Francisco County Superior Court. Nevertheless, while Defendants note that Plaintiff is not a resident of the Northern District of California, his son and attorney-in-fact for this case, Alexis (Alex) Kim, is a resident of Los Altos, California, which is in Santa Clara County and within the Northern District of California. (*See* Declaration of Alex Kim ("Kim Decl."), ¶ 2.) Alex Kim, as Plaintiff's duly appointed attorney-in-fact (Complaint, ¶ 3), will be primarily handling all aspects of this litigation on behalf of his elderly father. (Kim Decl., ¶ 2.) As such, this factor weighs against a transfer to the Central District should this case remain in federal court.

### 2. **Convenience Of The Parties And, More Importantly, The Non-Party Witnesses**

"The convenience of witnesses is said to be the most important factor in passing on a transfer motion." (*Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981).) However, not all witnesses are afforded the same level of consideration. "The convenience of ***non-party* witnesses** is a more important factor than the convenience of party witnesses." (*Catch Curve, Inc. v. Venali, Inc.*, No. CV 05-04820 DDP (AJWx), 2006 U.S. Dist.

LEXIS 96379, at *7 (C.D. Cal. Feb. 27, 2006), emphasis added; *see also Kosta Int'l v. Brice Mfg. Co.*, No. 2:14-cv-06706-SVW-CW, 2015 U.S. Dist. LEXIS 190395, at *11 (C.D. Cal. Mar. 9, 2015) ["The convenience of non-party witnesses is paramount"]; *Saleh v. Titan Corp.*, 361 F.Supp.2d 1152, 1160-61 (S.D. Cal. 2005) [holding that of particular importance is the convenience of non-party witnesses and their relative importance in the case].) "The court accords less weight to the inconvenience of *party* witnesses, however, as they can be compelled to testify regardless of the forum in which the lawsuit is ultimately litigated." (*Allstar*, 666 F.Supp.2d at 1132, italics in original.) In other words, compulsory process generally is not required to compel the attendance of *party* witnesses. (*Id.*) The relevant inquiry in the Section 1404 analysis therefore turns on whether there are substantial *non-party* witnesses residing in the proposed District whose convenience should be considered. (*Id.*) As such, "[i]n establishing inconvenience to witnesses, the moving party must name the witnesses, state their location, and explain their testimony and its relevance." (*Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F.Supp.2d 1183, 1193 (S.D. Cal. 2007).)

Here, Defendants fail to specifically identify **_a single non-party_ witness** who would be inconvenienced by denying their motion to transfer other than Plaintiff's wife, who has no objection to her husband's case being heard in San Francisco. Moreover, the availability of non-party witnesses only becomes a relevant factor when a party presents evidence of such witnesses being unwilling to attend trial. (*Fusi v. Emery Worldwide Airlines, Inc.*, 2007 U.S. Dist. LEXIS 89784, at *20 (S.D. Ohio Nov. 23, 2007) ["this line of argument is not relevant to the factor being considered because no unwilling witnesses have been identified by either party"]; *Confederation Des Brasseries De Belgique v. Coors Brewing Co.*, 2000 U.S. Dist. LEXIS 686, at *13 (N.D. Ill. Jan. 20, 2000) [transfer movant's claims regarding non-party witnesses were insufficient because it "[did] not identify any non-party witnesses, the number of non-party witnesses it expects to call, the nature of their testimony, or whether these witnesses would refuse to testify voluntarily"].) Here, Defendants fail to specifically identify **any** relevant **non-party** witnesses in this case aside from Plaintiff's non-objecting wife, let alone provide proof that there are any non-party witnesses who would refuse to testify at trial should this case remain in the Northern District.

Instead, Defendants argue the Central District is "undoubtedly a more convenient" forum than the Northern District for **_their employees_**, generally referring to tellers and other employees without naming anyone in particular other than defendant Nancy Becerra. (Defs.' Mtn., 2:5-8.) Again, courts give less consideration to the convenience of witnesses employed by a party (e.g., Defendants' tellers, managers, officers, and directors) because these witnesses can be compelled by the parties to testify regardless of where the litigation will occur. (*Allstar,* 666 F.Supp.2d at 1132.) Moreover, Defendants do not dispute that BANA and BAC are headquartered in North Carolina. (Defs.' Mtn., 7:26.) As such, many of their representatives are likely to be located in North Carolina, not in California at all. Likewise, the main witnesses with knowledge of Defendants' policies and procedures and how they are communicated to managers and employees are also likely to be located in North Carolina. Further undercutting their argument, Defendants fail to specifically identify by name, job title or function which of their employees reside in the Central District, outside of defendant Nancy Becerra. Thus, Defendants fail to present *any evidence* pertaining to any other party witness or any non-party witnesses they intend to present at trial, including their projected testimony or their current locations, a showing courts require to determine if transfer is warranted. (*In re Ferrero*, 768 F.Supp.2d 1074, 1080 (S.D. Cal. 2011) [conclusory statement that "key witnesses" resided in other venue, without "identify[ing] any specific potential witnesses" failed to meet burden to show that transfer is warranted]; *see also E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F.Supp. 465, 466 (E.D. Cal. 1994) [affidavits or declarations are required to identify key witnesses and a statement of their anticipated testimony].) With no way to determine whether any particular witnesses are likely to be called to testify at trial or have any involvement in the case, Defendants' conclusory statements and general assertions fail to show a transfer is warranted. (*Id.*)

Lastly, Plaintiff's attorney-in-fact in this case, Alex Kim, is a percipient witness in this case and a resident of the Northern District, making that district more convenient for him versus the Central District were this case to remain in federal court. (*See* Kim Decl., ¶¶ 3-4.) Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient, and therefore transfer should not be granted if the effect is simply to shift the

inconvenience to the plaintiff, especially given that "corporations are better-equipped than individuals to absorb increased litigation costs." (*Pizana*, 2020 U.S. Dist. LEXIS 15738, at *12.) And even if Defendants had properly identified their employees who reside in North Carolina or in the Central District and who they anticipate will be key witnesses in the matter, the depositions of such witnesses will very likely be taken near where they work or live regardless of where the action is venued, or alternatively, all of their depositions can easily be taken remotely, as has shown to be the case for litigants over the last year and a half. Thus, the fact that a few of Defendants' employees may ultimately be called to travel to the Northern District to testify at trial is not a major factor here, let alone a dispositive one. In short, Defendants have failed to meet their burden of showing that the convenience of all of the parties, and most importantly, <u>any</u> specific <u>non-party witnesses</u>, warrants transfer to the Central District.

### 3. Relative Ease Of Access To Proof

A substantial percentage of the pertinent documentary evidence in this case is likely to exist in electronic form, such that the location of the facility from which the data is derived is irrelevant. (*See Perez v. Performance Food Grp., Inc.*, No. 15-cv-02390-HSG, 2017 U.S. Dist. LEXIS 2319, at *9 (N.D. Cal. Jan. 6, 2017) [noting "technological developments have reduced the burden of retrieving and transporting documents, which has diminished the importance of this factor in the transfer analysis"].) Even as to hard copy documents, there is always the solution of copying to "electronic media" and then mailing or emailing for production. (*See Rafton v. Rydex Series Funds*, No. 10-1171, 2010 U.S. Dist. LEXIS 75411, at *4 (N.D. Cal. June 29, 2010); *Gonsalves v. Infosys Techs., Ltd.*, No. C 09-04112 MHP, 2010 U.S. Dist. LEXIS 44401, at *22 (N.D. Cal. May 5, 2010) ["Given that many (if not all) of the relevant documents exist in an electronic database, [defendant] cannot suggest that it would be inconvenient to litigate in California based on the location of documentary evidence"].) Thus, even assuming the bulk of the documentary evidence in this case is located in Southern California, under modern discovery practice where documents are typically produced by making copies, often electronically, it makes less difference where the originals may be stored. As such, this factor is neutral.

### 4. Familiarity Of Forum With Applicable Law

As Defendants concede, this factor is neutral. (Defs.' Mtn., 7:11-13.)

### 5. Local Interest In The Controversy

While the transfers at issue occurred in the Central District, Plaintiff's duly appointed attorney-in-fact for this case, Alex Kim, resides in the Northern District (Kim Decl., ¶ 3), where both the Bank of America defendants and the Wells Fargo defendants conduct significant business (and where Wells Fargo & Company is headquartered). (Complaint, ¶¶ 5, 7, 15.) In actuality, both the Northern District and the Central District have an interest in this controversy, because both the Bank of America defendants and the Wells Fargo defendants have branches all across the State, in every forum, with elderly customers such as Plaintiff. As such, this factor is neutral.

### 6. Relative Court Congestion And Time To Trial

Defendants present no evidence to suggest that the Central District is less congested than the Northern District. Regardless, relative court congestion should be attributed minimal weight, if any. (*See, e.g., Costco*, 472 F.Supp.2d at 1196 ["the Court should not transfer a case on the basis of docket congestion after determining the balance of the other factors weighs against transfer"].) Thus, this factor is neutral.

### 7. Difference In Litigation Costs

"While convenience to the parties' attorneys is 'not an appropriate factor for the Court to consider when deciding a motion to transfer,' the 'difference[ ] in the costs of litigation in the two forums' is relevant.'" (*Perez*, 2017 U.S. Dist. LEXIS 2319, at *12-13.) Here, the offices of Plaintiff's counsel are located in San Francisco and San Jose, which are within the Northern District. Given travel costs for Plaintiff's counsel, the cost of litigation will be lower for Plaintiff in the Northern District than in the Central District. As such, this factor weighs in favor of venue remaining in the Northern District. (*Id.*, [granting transfer in part because of location of the parties' counsel and non-party witnesses].) Moreover, while Defendants' counsel is located in the Central District, Defendants' counsel is a national law firm with offices all over the country, including in San Francisco, California. As such, this factor weighs against transfer.

## V. CONCLUSION

As set forth herein, because Defendants have failed to show that this case is subject to federal court jurisdiction under 12 U.S.C. § 632, neither this Court nor the Central District of California are districts in which the claim "might have been brought," such that Defendants have failed to meet their threshold burden of eligibility for transfer under 28 U.S.C. § 1404(a). As such, this motion should be denied. But even assuming arguendo that this initial threshold burden had been met, by failing to identify a single, non-party key witness who would be unwilling or unavailable to attend trial in the Northern District, Defendants have not met their heavy burden of showing that transfer to the Central District is warranted here, i.e., Defendants have not shown that the Northern District is more inconvenient than the Central District given all of the factors addressed herein, let alone shown a "strong showing of inconvenience." (*Gintz v. Jack in the Box, Inc.*, No. C06-02857 CW, 2007 U.S. Dist. LEXIS 10722, at *4 (N.D. Cal. Feb. 1, 2007).) Accordingly, Plaintiff respectfully requests that this Court deny Defendants' motion.

Dated: September 9, 2021

NEEDHAM KEPNER & FISH LLP

By: _____

Kirsten Fish
Attorneys for Plaintiff