Douglas A. Thompson (California Bar No. 155619)
douglas.thompson@bclplaw.com
Linda C. Hsu (California Bar No. 239880)
linda.hsu@bclplaw.com
Traci G. Choi (California Bar No. 307245)
traci.choi@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:    (310) 576-2100
Facsimile:    (310) 576-2200

Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA
CORPORATION, and NANCY BECERRA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| CHAN-HIE KIM, individually and as co-trustee of the Chan-Hie Kim & Sook-Chung Kim Trust,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO, N.A.; WELLS FARGO & COMPANY; BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; VIRGEL MABINI; NANCY BECERRA; DOES 1-100, inclusive<br><br>Defendants. | Case No. 3:21-cv-05405-JD<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS TO TRANSFER ACTION TO CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION PURSUANT TO 28 U.S.C. § 1404(A)**<br><br>Honorable James Donato<br><br>Date:        September 30, 2021<br>Time:        10:00 a.m.<br>Courtroom:   11 |

Defendants Bank of America, N.A. ("BANA"), Bank of America Corporation ("BAC"), and Nancy Becerra (collectively, "Defendants") submit this Reply in support of their Motion for an Order Transferring the Action to the Eastern Division of Central District of California, pursuant to 28 U.S.C. section 1404(a).

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

Plaintiff Chan Hie Kim ("Plaintiff") concedes he resides in San Bernardino County, in the Eastern Division of the Central District of California. Plaintiff also concedes the "face-to-face" financial center transactions, which form the crux of his allegations of wrongdoing against Bank of America, N.A. ("BANA"), Bank of America Corporation ("BAC"), and Nancy Becerra (collectively, "Defendants"), all occurred in the Central District of California. Yet, Plaintiff opposes this Motion to Transfer Venue. None of his arguments justify the parties litigating this matter over 400 miles away from Plaintiff's home, the location of relevant witnesses, and where the alleged events took place.

First, Plaintiff attacks the Central District's subject matter jurisdiction, on the grounds that there is no federal jurisdiction over this matter. For the reasons stated in Defendants' Notice of Removal and Opposition to the Motion to Remand, Plaintiff is incorrect. The Edge Act confers this Court and the Central District with jurisdiction over this action, which arises from the international wire transfers Plaintiff instructed to be sent to foreign account holders with accounts at foreign banking institutions.

Second, that Plaintiff's son and recently appointed attorney-in-fact resides in Santa Clara County, which was not even the forum in which this action was filed, has no bearing on this present motion. Plaintiff's son is not a percipient witness – Plaintiff does not claim his son had any involvement in or personal knowledge of the scam or of the international wire transfers Plaintiff initiated. Plaintiff granted his son power of attorney months *after* Plaintiff requested the wires which form the basis of the suit. That Plaintiff's son intends to testify "regarding the effect the defendants' actions have had on [his] father" does not have sufficient bearing to dictate the proper forum to adjudicate the matter. Other parties and witnesses with personal knowledge of key facts regarding the Plaintiff's wire transfers should outweigh the alleged inconvenience of one person. Plaintiff offers no response to the curious query why a son is seeking to have his parents travel 400 miles to litigate claims, instead of the son traveling to the parents' location. Nor does

the fact that Plaintiff's attorneys are located in San Francisco weigh against a transfer – this district has expressly rejected consideration of the location of plaintiff's counsel in ruling on a transfer motion.

Third, the absence of any significant nonparty witnesses in Northern California, coupled with the fact that the Central District is more convenient for most if not all party-affiliated witnesses, weighs in favor of transfer. Defendants have met their burden to demonstrate the Central District is a more convenient forum for specific key witnesses, including BANA financial center employees directly involved in the wire transfers.

Plaintiff has filed this action in the San Francisco Superior Court, a forum which has no connection with any of the alleged transactions, nor to Plaintiff nor to Defendants. There is simply no logical or legal justification for this action to remain in the Northern District. All of the relevant events took place in the Central District and all of the key witnesses the parties can identify at this stage reside in the Central District. Defendants respectfully request the Court grant the motion and order the action transferred to the Eastern Division of the Central District of California.

## II. DEFENDANTS' NOTICE OF REMOVAL DEMONSTRATES THE CENTRAL DISTRICT OF CALIFORNIA, AND THIS COURT, HAVE SUBJECT MATTER JURISDICTION PURSUANT TO THE EDGE ACT

As an initial matter, Plaintiff does not argue that the Central District does not have personal jurisdiction over the parties, or that the Central District would not be a proper venue. Plaintiff solely argues Defendants failed to meet their burden of showing the Central District of California has subject matter jurisdiction over Plaintiff's action – i.e., that this action could have been filed in the Central District of California. Plaintiff's argument is solely based on the grounds raised in their Motion to Remand – that *both* this Court and the Central District of California lack subject matter jurisdiction because the Edge Act does not confer federal court jurisdiction. For the reasons stated in the Notice of Removal (Dkt No. 1) and in Defendants' Opposition to the Motion to Remand (Dkt Nos. 31, 32), Plaintiff's argument fails. The Central District of California has

subject matter jurisdiction over this action.

Plaintiff further urges this Court to rule on his Motion to Remand before deciding this Motion to Transfer. Defendants disagree. The proper geographical venue for this action is in Southern California where Plaintiff resides and where the actions at issue – the international wires Plaintiff requested – occurred. Nothing ties this case to San Francisco. San Francisco's judicial resources (neither federal nor state) should be taxed with the case. Plaintiff should have filed his case at home. That his son and counsel attempted to venue it in Northern California for their personal convenience is of no consequence. It is within the sound discretion of this Court which motion to consider first. *Rumohr v. Comerica Bank*, 2011 WL 2437415, at *2 (N.D. Cal. June 17, 2011). Regardless, to the extent the Court considers the Motion to Remand first, and denies the Motion to Remand, there is no question that the Central District of California has subject matter jurisdiction over the action. The Edge Act properly confers federal court jurisdiction in the present case. Plaintiff could, and should, have brought the action in the Central District of California. And if a federal court rules that it should be remanded, it should go to the state court where the matter allegedly arose, San Bernardino County Superior Court.

### III. SECTION 1404(A) FACTORS WEIGH IN FAVOR OF TRANSFER

Plaintiff contends that the Section 1404(a) factors weigh against a transfer. Plaintiff fails to demonstrate a single factor weighing against a transfer.

**A. Location Where Relevant Agreements Were Negotiated and Executed Weigh in Favor of Transfer**

Plaintiff ignores the first factor relevant to a transfer motion, enumerated in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). *See also Chen v. Pioneer Oil, LLC*, 472 F.Supp.3d 704, 708-09 (N.D. Cal. 2020); *Panetta v. SAP America, Inc.*, 2005 WL 1774327, at *6 (N.D. Cal. July 26, 2005). Plaintiff does not contest that he entered into contracts relevant to this dispute in San Bernardino County, including but not limited to the Deposit Agreement and the Fund Transfer Agreements, attached to each Funds Transfer Request Authorization form Plaintiff executed in the BANA branches located in San Bernardino County. (See, Dkt No. 29-2,

Declaration of Tom Jordan, Dkt. No. 29-4, Dkt No. 29-5.) In fact, Plaintiff even executed the Power of Attorney, by which he granted his son the right to prosecute this action (among other things), in Upland, San Bernardino County. (See, Dkt No. 38-1.) Plaintiff's failure to address this factor demonstrates Plaintiff concedes it weighs in favor of transfer.

**B.  Non-Party Alexis Kim's "Choice of Forum" Has No Significance**

Plaintiff acknowledges that he is not a resident of the Northern District of California. As stated in *Catch Curve, Inc. v. Venali, Inc.*, 2006 WL 4568799, at *2 (Feb. 27, 2006), "deference to plaintiff's choice of forum is diminished if the moving party establishes one or more of the following factors: (1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum." Defendants have established each of these four factors, demonstrating Plaintiff's decision to file this action in San Francisco Superior Court is entitled to no deference.

But Plaintiff claims that his choice of forum is still entitled to deference because Alexis Kim, his son and attorney-in-fact for this case, is a resident of Los Altos, California, which is located in Santa Clara County[1]. Dr. Kim states he is a physician, with offices in San Jose and East Palo Alto, and that the Northern District would be a "much more convenient forum for [him] as compared to the Central District." **But Dr. Kim is not the Plaintiff in this case**. The named plaintiff here is Chan-Hie Kim, who resides in San Bernardino, in the Central District of California. Plaintiff points to no law, nor can Defendants locate any, that supports an argument that the residence of a plaintiff's non-party attorney-in-fact is remotely relevant to a motion to transfer venue. Dr. Kim's residence and place of business is simply irrelevant to this motion.

**C.  The Parties Have No Significant Contacts with the Northern District**

Plaintiff contends the Northern District has an interest in this controversy, because Dr. Kim

---

[1]  Despite the fact that Dr. Kim does not even reside in San Francisco County, or do business there, Plaintiff still chose to file this lawsuit in San Francisco Superior Court. The only tie to that forum appears to be Plaintiff's counsel's firm, and their claimed "success" at the pleading stage in other cases in that forum. (See Dkt. No. 34.)

resides in the Northern District, and because "both the Bank of America defendants and the Wells Fargo defendants conduct significant business" in this district. (Opp. 10:4-10.) First, that Plaintiff's son and attorney-in-fact resides in the Northern District does not establish any relevant contacts with the Northern District. Plaintiff concedes he himself has no contacts with the Northern District – he does not claim to have conducted *any* banking activities in the Northern District, let alone the ones at issue in this case. Further, Plaintiff did not even execute the Power of Attorney until March 2021, months after the alleged scam took place in September to November 2020. That Plaintiff turned over his affairs to his son *after* the alleged transactions, all of which occurred in the Central District, does not establish any significant contacts with the Northern District.

Nor does the fact that BANA and Wells Fargo have branches in the Northern District demonstrate the matter should be decided there. Plaintiff conflates and improperly inserts personal jurisdiction concepts, not at issue here, in an artful attempt to oppose the motion. Plaintiff does not and cannot allege any of the Defendants' respective branches in the Northern District had any involvement in the conduct alleged in his Complaint. This factor weighs in favor of transferring to the Central District.

### D. The Location of Witnesses Weighs in Favor of Transfer

Based on the facts alleged, the likely most critical percipient witnesses in this action are Plaintiff, his wife, and the financial center employees of BANA and Wells Fargo, all of whom are located in the Central District. These are the key witnesses in this action. Plaintiff does not contend and has not established that any of Defendant's witnesses resides in the Northern District.

Further, Plaintiff fails to cite a single binding authority, or any decisions from this district, which state the location of nonparty witnesses is more important than that of party witnesses. Even if nonparty witnesses were more important, however, Plaintiff's argument still fails because, unlike the cases on which Plaintiff relies, Plaintiff fails to even argue a single, nonparty witness

for whom the Northern District is a more convenient forum.[2]  In *Catch Curve, Inc. v. Venali, Inc.*, 2006 WL 4568799, *3 (C.D. Cal. Feb. 27, 2006), the validity of a patent was one of the central issues in the case, for which inventors were key witnesses.  The plaintiff there argued these inventor witnesses lived in California and Hawaii, and thus California was a more convenient forum for them than Florida.  In *Kosta International v. Brice Manufacturing Company Inc.*, 2015 WL 13306131, at *5 (C.D. Cal. Mar. 9, 2015), the court granted the motion to transfer where the California witnesses were not material to the case, and material witnesses *and parties* resided in North Carolina.  Given the key witnesses and parties here are located in the Central District, this weighs in favor of transferring this action.

Plaintiff further complains Defendants failed to identify the witnesses they intend to call at trial in support of their motion.  First, the parties have not yet begun discovery – Defendants cannot identify every witness they intend to call at trial at the pleading stage.  Nevertheless, Defendants did submit the Declaration of Nancy Becerra, who states she resides and works in San Bernardino County. (Dkt. No. 29-1.)  Further, it is clear from Plaintiff's Funds Transfer Request Authorization forms attached as Exhibit 3 to the Jordan Declaration that the forms were completed in the financial center located in San Bernardino County.  In the event witnesses may testify regarding Plaintiff's completion of and execution of those Funds Transfer Request Authorization forms, the financial center personnel witnesses would have obtained the percipient knowledge in San Bernardino County and are more likely to reside there (or elsewhere within the Central District) than elsewhere.

Finally, Plaintiff throws in a red herring, assuming, without any factual basis, that Defendants' witnesses will be in North Carolina.  Whether this may be true or not, which

---

[2] That this forum is more convenient for Dr. Kim, Plaintiff's attorney-in-fact, is of no relevance.  He does not claim to have witnessed any of the alleged wrongful conduct.  He did not accompany his elderly father to the financial centers.  His "handling" of day-to-day litigation does not make him a witness.  More importantly, Plaintiff cannot have it both ways.  Dr. Kim, to the extent he asserts his position as attorney-in-fact, likely is a party affiliated witness, not a nonparty witness in assessing the consideration to be given.

Defendants will not address at this early point, for such potential witnesses, both the Northern District and the Central District may be equally inconvenient.

Ultimately, the Central District is a more convenient forum for the key witnesses at this stage, whether party-affiliated or not. That Plaintiff and his wife would be willing to travel to the Northern District does not diminish the irrationality of having virtually every witness travel to this district for trial. Again, query why counsel and Dr. Kim would advocate that for his parents. Conversely, if the trial were held in the Central District, most if not all of the key witnesses would not need to make extended travel and hotel arrangements. The only witness Plaintiff contends this may inconvenience is Dr. Kim. The inconvenience to the vast majority of key witnesses overwhelmingly outweighs the inconvenience to Dr. Kim, particularly considering the quantity and quality of the witnesses' testimony. *See Catch Curve*, 2006 WL 4568799, at *3 ("In balancing the convenience of witnesses, courts must consider not only the number of witnesses but also the nature and quality of their testimony."). Dr. Kim's likely cumulative testimony regarding the "effects" of the alleged conduct on his father should not outweigh the testimony of witnesses with personal knowledge of the "face-to-face" transactions alleged to be central to this case.

### E. Plaintiff Concedes Original Documentary Evidence Is Likely to be Located in the Central District

Plaintiff claims he anticipates much of the documentary evidence to be in electronic form, and that "[e]ven as to hard copy documents, there is always the solution of copying to 'electronic media' and then mailing or emailing for production." (Opp. 9:13-19.) Plaintiff thus acknowledges that to the extent there are hard copy documents, they likely are located in the Central District.

While "the importance of this factor" may have diminished due to technological advancements and the common use of electronic evidence, this factor still weighs in favor of transfer.

### F. That Plaintiff's Counsel Is Located in San Francisco, and thus Plaintiff Will Incur Less Attorneys' Fees and Costs if the Case Stays in Northern District, Is Not a Factor

As a last resort, Plaintiff argues that the cost of litigation weighs against transfer, claiming it will be more costly for him to litigate in the Central District, because his attorneys are located in San Francisco. Judges in this District have repeatedly stated that "the location of plaintiff's counsel is not an appropriate factor for the Court to consider when deciding a motion to transfer." *Wilson v. Walgreen Co.*, 2011 WL 4345079, at *5 (N.D. Cal. Sept. 14, 2011).

Further, that Plaintiff's counsel is located in San Francisco does not necessarily reduce costs, since depositions of key witnesses, including Plaintiff and his wife, will occur in the Central District. In addition, Plaintiff and other key witnesses will have to incur travel costs to attend trial in the Northern District. Unlike *Perez v. Performance Food Group, Inc.*, 2017 WL 66874, at *5 (N.D. Cal. Jan. 6, 2017), where both parties' counsel were located in the transferring district, and nonparty witnesses were located there, Defendants' counsel is located in the Central District, as are key witnesses in this action. The fact that Plaintiff's counsel is located in San Francisco, by itself, is insufficient to weigh against transfer. Rather, the overall cost of litigation will be substantially greater if the action were to stay in the Northern District.

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the Motion to transfer the action to the Eastern Division of the Central District of California.

Dated: September 15, 2021

Douglas A. Thompson
Linda C. Hsu
Traci G. Choi
**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/Traci G. Choi*
    Traci G. Choi
Attorneys for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, and NANCY BECERRA